## M. KOSMINSKY v. HAMBURGER BROS. & CO.

Decided May 17, 1899.

**1. Fraud—Deed of Trust—Acceptance by Innocent Beneficiaries.**

Plaintiffs, creditors of L., attached goods in the hands of K., who had purchased them at sale under a deed of trust given by L. for the benefit of other creditors, and issue was made of a fraudulent conspiracy between L. & K. whereby they were bought from the trustee for much less than value. A charge denying the right of the attaching creditors to take the goods without tendering to K. so much of the price paid by him as had gone to discharge claims of bona fide creditors who had accepted the deed of trust and been paid from the proceeds of sale under it, was properly refused, because it ignored the effect of K.'s participation in the fraud and purchase for less than value. .

**2. Same.**

If K. so participated in the fraud, the property was liable in his hands, to the extent of its value over the valid claims so paid, and the attaching creditors were not required to tender him the amount paid in discharge of such claims, in order to so subject it.

APPEAL from Bowie. Tried below before Hon. J. M. TALBOT.

An opinion in this case, in which the appeal was dismissed for defect in the appeal bond, is reported in 20 Texas Civil Appeals, 291. The appeal was subsequently reinstated on the execution of a new bond.

*P. A. Turner* and *Dan T. Leary,* for appellant.

*Henry & Henry,* for appellees.·

FISHER, CHIEF JUSTICE.—This is an action by appellees against M. Kosminsky and one Gus Less. The plaintiffs in effect alleged that Gus Less was indebted to them for goods and merchandise sold him aggregating the sum of $997, for which they asked judgment, and at the same time sued out an attachment against the property of Less and·caused it to be levied upon certain merchandise in the possession of appellant Kosminsky, alleging that Less, for the purpose of defrauding his creditors, had made and executed a fraudulent deed of trust to one J. Deutschman, trustee, for the purpose of securing certain fictitious debts, among which was a fictitious claim of the appellant Kosminsky, and that Kosminsky, Deutschman, and Less had entered into a conspiracy for the purpose of defrauding the plaintiff and other creditors of Less; and that Kosminsky in pursuance of this conspiracy, bought the goods of Less at the trustee's sale; that said sale was fraudulent and really for the benefit of Less. The goods attached were sold by order of the court as perishable property, which realized the sum of $925.

Plaintiffs in their petition, admitted that two of the debts secured by the deed of trust were valid. .

The case was tried before a jury, and the appellees, Hamburger Bros. & Co., recovered judgment against Less for the amount of their claim sued for, and foreclosure of their attachment lien on the proceeds of the sale of the attached property. .

The facts show that appellant Kosminsky for about $7500 bought the property transferred to the trustee by Less, a few days after the deed of trust was executed, and that this amount went towards paying off and discharging some of the debts secured by the deed of trust, among which were the two debts which were admitted by the plaintiffs to be valid. There is some evidence in the record which has a tendency to show that the other debts were fictitious, and that Kosminsky and Less were parties to a conspiracy to defraud the unsecured creditors of Less; and we do not feel bound by the conclusion reached by the court in the case of Kosminsky v. Waters, 44 Southwestern Reporter, 540, where it had before it the construction of the deed of trust here in question, for the testimony, as appears from the record there, was not the same as shown by the record in this case. There, Kosminsky testified to the validity of the debt, and the good faith of the transaction between him and Less and the other parties to the instrument; but he did not testify in the case before us, and there is no evidence of that character in the statement of facts; nor is there evidence of the other beneficiaries mentioned in the deed of trust, whose claims were given preference, except that of the two banks, whose claims the plaintiffs admit were valid. And we can not say that the verdict and the judgment of the trial court is without evidence to support it on the proposition that most of the claims secured by the deed of trust were fictitious, and that a purpose existed between Kosminsky and Less to defraud the other creditors of Less.

Appellant's first assignment of error complains of the refusal of the court to give the following charge to the jury:

"If you find from the evidence that some of the debts set forth and secured in the deed of trust, read to you in this case, are honest and just claims against Gus Less, and that some of said debts are fraudulent and fictitious claims against said G. Less, and that the beneficiaries in said deed of trust holding and owning said honest debts accepted said deed of trust in good faith and without any knowledge of a part of said debts being fraudulent, then said deed of trust would be valid as to such honest claims and invalid as to such dishonest or fraudulent claims, and if under these circumstances the trustee in said deed of trust sold and delivered said goods to the defendant, M. Kosminsky, and paid said honest claims, and said Kosminsky had no notice of said dishonest claims, then the plaintiff in this case had no right to seize said goods and take them from the possession of the defendant M. Kosminsky, without first paying or tendering to said Kosminsky the amount of said honest claims, which had been paid by said trustee, and if you find these to be the facts, then you will find for the defendant, M. Kosminsky."

This charge, in the abstract, embodies a correct principle of law, but it did not go far enough. There are other features of the case which arise from the evidence, which should have been embraced in the charge in order to make it complete, so that the court would be required to give it. This charge was requested upon the theory that Kosminsky had no notice of the dishonest claims. Therefore, the trustee would have the right to

sell all of the property for the purpose of paying the valid debts, and that Kosminsky's title could not be disturbed unless the amount paid to discharge these valid debts was first repaid to him.

This charge loses sight of the theory, which has some evidence to support it, that Kosminsky, although he may not have known that some of the claims were dishonest, was a party with Less to a scheme to defraud the creditors of Less in the execution of the deed of trust and in the purchase of the property at the trustee's sale. Kosminsky may have in good faith believed that all the claims secured by the deed of trust were honest, but still he may have been a party with Less to a fraudulent scheme in placing the property in question, by reason of the deed of trust and the purchase by him, beyond the reach of the unsecured creditors; and, if such was the case, the unsecured creditors would not be requierd to refund to him the amount of money that he paid out on the valid debts, in order to subject part of the property purchased by Kosminsky to t' satisfaction of their claims, when Kosminsky, by the purchase, acquired much more property in value than the sum he paid for the same.

There is some evidence in the record which tends to show that the property purchased by Kosminsky at the trustee's sale, was worth several thousand dollars more than the sum that he paid therefor. Now, if it is true that Kosminsky entered into a conspiracy with Less for the purpose of defrauding the creditors of Less, and the amount of money which he paid to the trustee for the purchase of the property went towards the satisfaction of honest debts, and Kosminsky, in furtherance of the fraudulent scheme, acquired possession of property of Less worth several thousand dollars more than he paid the trustee therefor, he would be held responsible for this excess, and creditors seeking to subject it to their claims would not be required, as a predicate thereto, to reimbuse him the sum that he had paid out in the discharge of the bona fide debts. Kosminsky could not be charged with the amount he paid out in extinguishing the bona fide claims, but if he was a party to the scheme to defraud creditors, the property in his hands in excess of the value of the bona fide claims could be subjected to the satisfaction of claims due other creditors of Less.

The charge requested, as set out in the second assignment of error, was in effect covered by the main charge of the court. Therefore there was no error in refusing it.

What we have said on the facts in effect disposes of the third assignment of error.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Application for writ of error was dismissed by the Supreme Court for want of jurisdiction.